## BONIME v. HURWITZ.

(Supreme Court, Appellate Term. May 17, 1910.)

Physicians and Surgeons (§ 24*)—Contract to Pay for Services—Evidence.

 In an action by a physician for services rendered to defendant's daughter and granddaughter, the testimony showed only that a witness was authorized by defendant to tell plaintiff he would pay for his services, but that he told him defendant would "guarantee" the bill. *Held*, that defendant was not liable; the obligation communicated being an unauthorized and verbal guaranty, and the obligation which the witness was authorized to incur never having been communicated.

 [Ed. Note.—For other cases, see Physicians and Surgeons, Dec. Dig. § 24.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Ellis Bonime against Nathan Hurwitz. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

J. Leon Brandmarker, for appellant.
Sidney L. Strongin, for respondent.

BIJUR, J. Plaintiff, a physician, sues for services rendered to the daughter and granddaughter of the defendant. The testimony alleged

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to establish defendant's liability was given by one Charnow, who says that defendant authorized him to tell the physician that he (the defendant) would pay for the services. The witness testifies positively, however, that he told the physician only that the defendant would "guarantee" the bill, and the guaranty was certainly not in writing. The plaintiff testifies that he had conversations with the defendant on the telephone and in person, but there is not a word as to the substance of these talks. Under these circumstances defendant is not liable. The obligation which the witness communicated to the doctor was a guaranty, and this was neither authorized by the defendant nor was it in writing. The obligation which the witness testified he was authorized to incur he never communicated to the plaintiff.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.